LAKE COUNTY BAR ASSOCIATION *v.* VALA.

[Cite as *Lake Cty. Bar Assn. v. Vala* (1998), 82 Ohio St.3d 57.]

(No. 97–2673—Submitted February 18, 1998—Decided May 20, 1998.)

58

*Karen Sheppert–Johnson, John J. Hurley, Jr.,* and *Michael P. Brown,* for relator.

*Joseph F. Vala, pro se.*

***Per Curiam.*** We accept the findings and conclusions of the board. However, we give more weight than the board did to respondent's continued disregard of relator's investigation, a disregard which ill served the profession, this court, and the respondent himself. The requirement to cooperate in disciplinary investigations is rooted in the self-governing nature of the legal profession. As a corollary, each lawyer has a duty to participate in the regulation of the profession, even when he himself is the subject of investigation. Respondent's failure to cooperate violated that duty and reflects poorly on the profession.

On a very practical level, respondent's failure to cooperate in this disciplinary investigation required this court to expend time and money in needless activity. Relator might not have filed this complaint had respondent been forthcoming when first advised of the grievances. Except for a minimal response consisting of a belated letter directed to only one of several grievances, respondent was moved to action only after relator filed its amended complaint. Respondent's delay required us to convene both the panel and the board, conduct a formal hearing, and ultimately to assemble to review the matter.

Respondent finally appreciated the situation when, at the hearing before the panel, he stated:

"I should have responded to the first complaint and others that came in. Some of the allegations made here aren't that serious. Maybe they wouldn't have been that serious if I had responded to the Bar, and that may be true. * * * It is serious anytime someone calls my professional pride and integrity into question. Those are the biggest things I have got."

Respondent is hereby suspended from the practice of law in Ohio for one year with the entire year stayed, provided that during that year he is on probation and subject to the monitoring of relator. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS and RESNICK, JJ., dissent.

ALICE ROBIE RESNICK, J., dissenting. Under the circumstances of this case, a public reprimand is the appropriate sanction.

DOUGLAS, J., concurs in the foregoing dissenting opinion.