[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 57.]

LAKE COUNTY BAR ASSOCIATION *v*. VALA.

[Cite as *Lake Cty. Bar Assn. v. Vala*, 1998-Ohio-591.]

*Attorneys at law—Misconduct—One-year suspension stayed with conditions—Failure to cooperate in disciplinary investigation.*

(No. 97-2673—Submitted February 18, 1998—Decided May 20, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-77.

———————————

{¶ 1} On October 17, 1995, relator, Lake County Bar Association, wrote to respondent, Joseph S. Vala of Mentor, Ohio, Attorney Registration No. 0038112, asking him to respond within ten days to a grievance filed by Frank Lanning, a former client of respondent. When a representative of relator followed up with a telephone call to respondent on October 30, 1995, respondent indicated that he would reply in writing to the Lanning grievance. However, respondent never replied. On November 7, 1995, relator wrote to respondent, requesting information with respect to a grievance filed by his former client, Angel Townsend. On December 5, 1995, relator's representative telephoned respondent about the Townsend grievance. Although respondent said that he would reply by December 8, 1995, he failed to contact relator about the matter. On July 1, 1996, relator wrote to respondent about a grievance filed by his former client, Judy Fox, noting that this was the third grievance filed against respondent. Respondent did not reply to relator's inquiry until August 7, 1996. On October 10, 1996, relator wrote to respondent in an attempt to investigate a grievance filed by Jean M. Forest, former wife of respondent's client Patrick Lynch. Respondent did not answer.

{¶ 2} On November 18, 1996, relator filed an amended complaint, charging respondent with the violation of various Disciplinary Rules in the Lanning,

Townsend, and Fox matters, and further charging that respondent failed to cooperate with relator's investigation in violation of Gov.Bar R. V(4)(G) (no attorney shall neglect or refuse to assist or testify in disciplinary investigation or hearing). In an answer filed on March 13, 1997, respondent admitted most of the operative facts, but denied that they constituted disciplinary violations.

{¶ 3} On April 28, 1997, relator wrote to respondent about a grievance filed by Jamie Semosky, but respondent did not reply.

{¶ 4} On July 7, 1997, relator filed a second amended complaint, adding counts based on grievances filed by Semosky and Forest.

{¶ 5} The parties entered into stipulations, which were submitted to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board"). Both relator and respondent also filed trial briefs. Respondent's brief was accompanied by letters from one of respondent's employees, several former clients, a bailiff, and a former classmate, attesting to respondent's courtesy, integrity, and ability.

{¶ 6} After a hearing, the panel found that relator failed to prove any disciplinary violations by clear and convincing evidence, but did prove that respondent failed to cooperate with relator's investigation of the grievances, and concluded that respondent had violated Gov.Bar R. V(4)(G). The panel heard in mitigation that respondent's parents both died in 1993 and that shortly thereafter he and another attorney bought the practice of Hyatt Legal Services in Lake County. The other attorney then became seriously ill and, during his absence, respondent was overwhelmed with the caseload involving clients he had not previously represented. As a result, respondent was dilatory in many matters, including giving attention to the grievances filed against him. The panel recommended that respondent be suspended from the practice of law for one year with the entire year stayed on condition that he be placed on probation and be monitored by relator.

2

The board accepted the findings and conclusions of the panel, but recommended that respondent receive a public reprimand.

———————————

*Karen Sheppert-Johnson, John J. Hurley, Jr.,* and *Michael P. Brown,* for relator.

*Joseph F. Vala, pro se.*

———————————

**Per Curiam.**

**{¶ 7}** We accept the findings and conclusions of the board. However, we give more weight than the board did to respondent's continued disregard of relator's investigation, a disregard which ill served the profession, this court, and the respondent himself. The requirement to cooperate in disciplinary investigations is rooted in the self-governing nature of the legal profession. As a corollary, each lawyer has a duty to participate in the regulation of the profession, even when he himself is the subject of investigation. Respondent's failure to cooperate violated that duty and reflects poorly on the profession.

**{¶ 8}** On a very practical level, respondent's failure to cooperate in this disciplinary investigation required this court to expend time and money in needless activity. Relator might not have filed this complaint had respondent been forthcoming when first advised of the grievances. Except for a minimal response consisting of a belated letter directed to only one of several grievances, respondent was moved to action only after relator filed its amended complaint. Respondent's delay required us to convene both the panel and the board, conduct a formal hearing, and ultimately to assemble to review the matter.

**{¶ 9}** Respondent finally appreciated the situation when, at the hearing before the panel, he stated:

"I should have responded to the first complaint and others that came in. Some of the allegations made here aren't that serious. Maybe they wouldn't have

been that serious if I had responded to the Bar, and that may be true. * * * It is serious anytime someone calls my professional pride and integrity into question. Those are the biggest things I have got."

{¶ 10} Respondent is hereby suspended from the practice of law in Ohio for one year with the entire year stayed, provided that during that year he is on probation and subject to the monitoring of relator. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS and RESNICK, JJ., dissent.

_____

**ALICE ROBIE RESNICK, J., dissenting.**

{¶ 11} Under the circumstances of this case, a public reprimand is the appropriate sanction.

DOUGLAS, J., concurs in the foregoing dissenting opinion.

_____