[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 224.]

MEDINA COUNTY BAR ASSOCIATION *v.* MUHLBACH.

[Cite as *Medina Cty Bar Assn. v. Muhlbach*, 1998-Ohio-108.]

*Attorneys at law—Misconduct—Six-month suspension with sanction stayed on conditions—Failure to cooperate in disciplinary investigation.*

(No. 98-721—Submitted May 27, 1998—Decided September 23, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 97-50.

_____

{¶ 1} On November 21, 1996, relator, Medina County Bar Association, informed respondent, P. Michael Muhlbach of Parma, Ohio, Attorney Registration No. 0058412, by mail that a grievance had been filed against him by Annette Carruth, and that Carol Conrad Reiter, Esq. had been assigned as relator's investigator for the matter. The letter requested respondent's cooperation, but did not ask that he contact the investigator. In a January 22, 1997 letter to respondent, Reiter stated that she had been unable to contact him by telephone and asked him to respond either by telephone or in writing to Carruth's grievance.

{¶ 2} On May 12, 1997, respondent mailed a "Response to Complaint" to relator with a cover letter stating, "I had originally been informed by the office of Carol Conrad Reiter, that all charges had been dismissed regarding me." The "Response to Complaint," which was not filed with the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board"), was directed to a complaint signed by the chairman of relator's grievance committee on April 14, 1997, but not filed with the board until May 27, 1997.

{¶ 3} Relator charged in Count One of its complaint that respondent had violated DR 1-102(A)(1) (a lawyer shall not violate a Disciplinary Rule) and 6-101(A)(3) (a lawyer shall not neglect a legal matter entrusted to him) in his

representation of Carruth in a divorce matter.  Relator charged in Count Two of the complaint that respondent had violated Gov.Bar R. V(4)(G) by failing to cooperate in relator's investigation.

{¶ 4} Respondent's unfiled "Response to Complaint" denied any violation of the Disciplinary Rules in his representation of Carruth and denied that he violated Gov.Bar R. V(4)(G).  His "Response to Complaint" further indicated that before he could prepare a written response to Reiter, he had received a letter from her office, stating "that all charges against me had been dropped."

{¶ 5} On September 23, 1997, relator filed a motion for default judgment for the reason that respondent had not filed a timely answer to the complaint.  A panel of the board considered the motion, and found with respect to Count One that Carruth indicated that she had difficulty contacting respondent, and that "[r]espondent indicate[d] he had difficulty in contacting Mrs. Carruth."  The panel concluded that it was not satisfied by clear and convincing evidence that respondent had violated a Disciplinary Rule.

{¶ 6} However, the panel found by clear and convincing evidence with respect to Count Two that respondent failed to cooperate with relator in the investigation of the Carruth grievance, and concluded that he had violated Gov.Bar R. V(4)(G).  In mitigation, the panel stated that it could not conclude that the complaint relating to Carruth that relator was investigating had merit.

{¶ 7} The panel recommended that respondent be suspended from the practice of law for six months with the suspension stayed on the condition that he not be found, in the future, to have violated any Disciplinary Rule.  The board adopted the findings and conclusions of the panel, and recommended that respondent be suspended from the practice of law for six months with the six-month suspension stayed and that respondent be placed on six months' probation, on the condition that he not be found, in the future, to have violated any Disciplinary Rule.

_____

*Carol Conrad Reiter* and *Patricia A. Walker*, for relator.

———————————

***Per Curiam.***

{¶ 8} We adopt the findings and conclusions of the board. As a member of the bar, respondent is expected to know the Rules for the Government of the Bar. Gov.Bar R. V(6)(E) provides that within twenty days after the mailing of the notice of a disciplinary complaint, the respondent shall file six copies of his or her answer and serve a copy of that answer on counsel of record named in the complaint. Although respondent mailed a "Response to Complaint" to relator on May 12, 1997, that document was not properly filed with the board after the mailing of the notice of the complaint on June 16, 1997. Respondent was therefore in default, and the board properly granted the motion for default judgment.

{¶ 9} Respondent's allegation that he had been advised by relator that all charges against him had been dropped was not properly brought before the board and, even if it could be considered, does not excuse compliance with the procedural requirement of filing an answer to the complaint.

{¶ 10} Recently, in *Lake Cty. Bar Assn. v. Vala* (1998), 82 Ohio St.3d 57, 693 N.E.2d 1083, where the board found no disciplinary violation, but found a failure to cooperate in the investigation of the grievances, we imposed a one-year suspension with the entire year stayed, during which time respondent was to be on probation. In this case, respondent's failure to communicate promptly with the relator led to the filing of the complaint and, as in *Vala*, the needless expenditure of time and money. As we said in *Vala,* "[r]elator might not have filed this complaint had respondent been forthcoming when first advised of the grievances." *Id*. at 59, 693 N.E.2d at 1084.

{¶ 11} We adopt the recommendation of the board. Respondent is hereby suspended from the practice of law for six months with the six-month suspension stayed, during which time respondent shall be on probation, on condition that no

further disciplinary complaints be certified against respondent during the probationary period. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____