**[This decision has been published in *Ohio Official Reports* at 92 Ohio St.3d 107.]**

CUYAHOGA COUNTY BAR ASSOCIATION *v*. VALA.

[Cite as *Cuyahoga Cty. Bar Assn. v. Vala*, 2001-Ohio-161.]

*Attorneys at law—Misconduct—Permanent disbarment—Past disciplinary violations and repeated neglect of professional duties.*

(No. 00-2285—Submitted February 7, 2001—Decided June 13, 2001.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 99-62.

————————————

*Per Curiam*.

{¶ 1} On January 25, 2000, relator, Cuyahoga County Bar Association, filed a ten-count amended complaint charging respondent, Joseph S. Vala of Cleveland, Ohio, Attorney Registration No. 0038112, with violating numerous rules of the Code of Professional Responsibility. When respondent failed to answer, relator moved for default, and the matter was referred by the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") to Master Commissioner Harry W. White.

{¶ 2} Based upon the motion for default and attached affidavits, the master commissioner found that in October 1996, Ruth Burgardt retained respondent to represent her with respect to injuries she sustained in an automobile accident. Although respondent filed the case in January 1997, he later voluntarily dismissed it under Civ.R. 41(A)(1) without Burgardt's consent. Respondent refiled the case in November 1998, but he failed to respond to a motion to dismiss that was based upon the expiration of the statute of limitations. Respondent did not inform Burgardt that her case on motion had been dismissed with prejudice; instead, he told her that the case was scheduled for a status hearing. After Burgardt discovered the dismissal, she sued respondent for malpractice and obtained a judgment of

$25,000. Respondent, who was and is without malpractice insurance, failed to pay the award.

**{¶ 3}** The master commissioner concluded that respondent's conduct violated DR 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice), 1-102(A)(6) (a lawyer shall not engage in conduct reflecting adversely on the lawyer's fitness to practice law), 6-101(A)(3) (a lawyer shall not neglect an entrusted legal matter), 7-101(A)(2) (a lawyer shall not fail to carry out a contract of employment), and 7-101(A)(3) (a lawyer shall not engage in conduct prejudicial to a client).

**{¶ 4}** In April 1999, Giovanna Tavano engaged respondent and paid him $200 to represent her in an adversary proceeding in bankruptcy court. Respondent failed to file an answer on behalf of Tavano or provide any professional services for her, and the bankruptcy court entered judgment against Tavano in the amount of $7,187.18. The master commissioner concluded that respondent's conduct toward Tavano violated DR 1-102(A)(5), 1-102(A)(6), 2-110(A)(3) (when requested, a lawyer shall promptly refund any part of an unearned fee paid in advance), 6-101(A)(3), 7-101(A)(2), and 7-101(A)(3).

**{¶ 5}** In November 1998, John Moravec hired respondent to represent him in a domestic relations action. Respondent not only failed to notify Moravec of a contested hearing to be held in December 1999 but failed to attend the hearing himself. When Moravec learned of respondent's failure to appear, he demanded the return of his papers and the retainer he had paid. Respondent returned neither. The master commissioner concluded that respondent's conduct toward Moravec violated DR 1-102(A)(5), 1-102(A)(6), 2-110(A)(2) (when requested, a lawyer shall promptly deliver all papers and property to which a client is entitled), 2-110(A)(3), 6-101(A)(3), 7-101(A)(2), and 7-101(A)(3).

**{¶ 6}** The master commissioner noted that respondent had previously been the subject of disciplinary action in *Lake Cty. Bar Assn. v. Vala* (1998), 82 Ohio St.3d 57, 693 N.E.2d 1083, and *Lake Cty. Bar Assn. v. Vala* (1999), 87 Ohio St.3d 1401, 716 N.E.2d 1164. In view of respondent's past disciplinary violations and his constant and repeated neglect of his professional duties, the master commissioner recommended that respondent be disbarred from the practice of law.

**{¶ 7}** The board adopted the findings, conclusions, and recommendation of the master commissioner.

**{¶ 8}** We adopt the findings, conclusions, and recommendation of the board. Respondent is hereby permanently disbarred from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Howard Mishkind, Robert Steely* and *Thomas E. Kocovsky, Jr.,* for relator.

_____