MAHONING COUNTY BAR ASSOCIATION v. GUARNIERI.

[Cite as *Mahoning Cty. Bar Assn. v. Guarnieri,*
106 Ohio St.3d 24, 2005-Ohio-3471.]

(No. 2004–2156—Submitted February 16, 2005—Decided July 20, 2005.)

Per Curiam.

{¶ 1} Respondent, Dana C. Guarnieri of Youngstown, Ohio, Attorney Registration No. 0070195, was admitted to the practice of law in Ohio in 1998.

{¶ 2} On December 8, 2003, relator, Mahoning County Bar Association, charged respondent with professional misconduct. A three-member panel of the Board of Commissioners on Grievances and Discipline considered the cause and, based on the parties' stipulations, found that respondent had violated Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate in a disciplinary investigation). The board adopted this finding and the recommendation of the panel majority—to publicly reprimand respondent.

{¶ 3} During the events at issue, respondent was employed as an assistant director of law for the city of Youngstown and was also engaged in private

practice. Respondent now works exclusively for the city and does not practice privately.

{¶ 4} In October 2002, a former client of respondent filed a grievance alleging that she had committed professional misconduct. In November 2002, relator notified respondent of the grievance by regular mail and asked for a response within 15 days. Respondent did not reply. Relator's investigator then sent more letters, made telephone calls, and talked with respondent, but respondent still did not respond to the client's grievance.

{¶ 5} Respondent at first claimed that she had not received a copy of the grievance and later claimed that she had sent a packet of materials in response. The investigator, not having received these materials, forwarded to respondent a draft of a formal complaint that relator anticipated filing. Respondent still did not respond.

{¶ 6} Relator later filed a formal complaint, and respondent answered on January 2, 2004. After discovery, the parties stipulated that respondent had not violated any of the alleged Disciplinary Rules with respect to her client. The parties also stipulated that respondent had failed to cooperate in the investigation of the alleged misconduct and had thereby violated Gov.Bar R. V(4)(G).

{¶ 7} The panel thus found a violation of Gov.Bar R. V(4)(G). In recommending a sanction, the panel found mitigating the fact that respondent had no prior disciplinary record. Moreover, respondent was truly sorry for her inattention to relator's investigation, apologizing for having "failed to fully grasp" the importance of her responsibility to assist in the regulation of the legal profession. The panel also found that respondent eventually did respond appropriately to the allegations against her.

{¶ 8} As suggested by the parties, the panel majority recommended that respondent receive a public reprimand. The third panel member recommended that respondent be suspended for six months, with the suspension stayed. The board adopted the panel's finding of misconduct and the panel majority's recommendation.

{¶ 9} On review, we find that respondent violated Gov.Bar R. V(4)(G). We also find that a six-month suspension, stayed on the condition that respondent commit no further misconduct, is appropriate.

{¶ 10} Respondent's failure to communicate promptly during this disciplinary investigation led to the unnecessary filing of a formal complaint and the needless expenditure of time and money. In *Medina Cty. Bar Assn. v. Muhlbach* (1998), 83 Ohio St.3d 224, 699 N.E.2d 459, we imposed a six-month suspension, all stayed, when another lawyer did not respond as required to allegations of misconduct. Quoting *Lake Cty. Bar Assn. v. Vala* (1998), 82 Ohio St.3d 57, 59, 693 N.E.2d

1083, we said, " '[R]elator might not have filed this complaint had respondent been forthcoming when first advised of the grievances.' " Id. at 226, 699 N.E.2d 459.

{¶ 11} Respondent is therefore suspended from the practice of law in Ohio for six months; however, the entire suspension is stayed on the condition that respondent commit no further misconduct. If respondent violates the condition of the stay, the stay shall be lifted, and respondent shall serve the full six-month suspension. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

RESNICK, PFEIFER and LANZINGER, JJ., would publicly reprimand respondent.

———————

Green, Haines & Sgambati Co., L.P.A., and Ronald E. Slipski, for relator.

John B. Juhasz, for respondent.