OPINION
{¶ 1} Plaintiff-Appellant, John C. Banner, appeals the judgment of the Stark County Court of Common Pleas granting Defendant-Appellee, Fresh Mark, Inc.'s motion for summary judgment. Appellant also appeals the trial court's denial of his motion to supplement the record.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellee employed Appellant. On January 15, 2003, Appellant sustained an injury during the course and scope of his employment. Appellant pursued a workers' compensation claim as a result of his workplace accident. Appellee, a self-insured employer, voluntarily recognized the claim for the following conditions: sprain of the neck, sprain of the lumbar region and contusion of the left elbow.
 {¶ 3} On January 29, 2003, an X-ray of Appellant's lumbar spine was taken. The radiologist report stated the following: (1) Spondylolytic anterolisthesis of L5 by approximately 35 to 40%; (2) Moderately severe degenerative disc disease at L5-S1 with earlier changes at L2-3; (3) Distortion and narrowing of the IVF's at L5-S1 due to a combination of degenerative changes and spondylolisthesis; and (4) Posterior subluxation of L4 accompanied by facet imbrication at L4-5. (Aff't of Karen Dunn, "Exhibit A").
 {¶ 4} On January 31, 2003, an MRI on Appellant's lumbar spine revealed the following: "Grade two spondylolisthesis L5 on S1 with moderate spinal stenosis posterior to the L5 vertebral body through the posterior element hypertrophy and mild spinal stenosis L3-4 due to bulging. A 3mm left paracentral herniated nucleus pulposus *Page 3 
is seen at T12-L1. It is uncertain whether this would cause patient symptoms." (Dunn Aff't, "Exhibit B").
 {¶ 5} Appellant filed a motion with the Bureau of Workers' Compensation on November 14, 2003 for further allowance of his claim for "L5 radiculopathy and aggravation for pre-existing spondylolisthesis at L5-S1." ("Motion 1"). On January 29, 2004, the district hearing officer allowed the additional conditions. Upon appeal by Appellee, the staff hearing officer allowed the condition of L5 radiculopathy and denied the condition of aggravation for pre-existing spondylolisthesis at L5-S1. Both parties appealed the staff hearing officer's decision to the Industrial Commission. In a decision mailed May 7, 2004, the Industrial Commission affirmed the staff hearing officer's decision.
 {¶ 6} While Motion 1 was being considered by the Bureau of Workers' Compensation, Appellant was examined by Dr. Kolarik, an orthopedic surgeon. Dr. Kolarik issued a letter on May 3, 2004, stating that:
 {¶ 7} "At this time, I believe that Mr. John Banner had pre-existing degenerative disc disease of L5-S1 prior to his industrial injury of 1/15/03. I also believe that he had pre-existing grade II degenerative spondylolisthesis of L5 on S1 aggravated by the industrial injury of 1/15/2003. I also believe that he has significant foraminal stenosis of at L5-S1 bilaterally causing impingement on the L5 nerve roots, probably." (Dunn Aff't, "Exhibit C").
 {¶ 8} Appellant appealed Motion 1 to the Stark County Court of Common Pleas on July 2, 2004. Banner v. Freshmark, Inc., et al., Case Nos. 2004CV02217 and 2004CV02240. *Page 4 
 {¶ 9} On August 12, 2004, Appellant filed a second motion with the Bureau of Workers' Compensation seeking to have his claim additionally allowed for "aggravation of pre-existing degenerative disc disease L5-S1 and forminal stenosis at L5-S1 bilaterally causing impingement on the L5 nerve roots." ("Motion 2"). On October 23, 2004, the district hearing officer denied the allowance of the additional claims. On November 15, 2004, Dr. Kolarik issued a second opinion stating the above-mentioned conditions were not caused by the industrial injury but were aggravated by the industrial injury. (Dunn Aff't, "Exhibit D"). The staff hearing officer affirmed the district hearing officer's decision on December 11, 2004. The Industrial Commission issued its decision on January 4, 2005, denying the allowance of the additional claims.
 {¶ 10} The jury trial of Motion 1 went forward on February 9, 2005. At trial, the issue arose as to the inclusion of Appellant's claims in Motion 2. The trial court would not permit Appellant to raise the claims of Motion 2 in the trial of Motion 1. The jury found Appellant was entitled to participate in the Workers' Compensation fund for the condition of L5 radiculopathy, but not entitled to participate in the fund for the condition of aggravation of pre-existing spondylolisthesis.
 {¶ 11} On March 9, 2005, Appellant filed an appeal of the Industrial Commission's decision in Motion 2. Appellee filed a motion for summary judgment on July 11, 2005. The trial court granted the Appellee's motion for summary judgment on January 24, 2006.
 {¶ 12} On February 3, 2006, Appellant filed a motion to supplement the record to with additional evidence. The trial court denied the motion on February 16, 2006. It is from these decisions Appellant now appeals. *Page 5 
 {¶ 13} Appellant raises three Assignments of Error:
 ASSIGNMENTS OF ERROR {¶ 14} "I. THE TRIAL COURT COMMITTED ERROR BY DISMISSING THE CLAIMS OF THE APPELLANT AS A MATTER OF LAW BASED UPON THE PRINCIPLE OF RES JUDICATA.
 {¶ 15} "II. THE TRIAL COURT COMMITTED ERROR BY DISMISSING THE CLAIMS OF APPELLANT AS A MATTER OF LAW DUE TO THE FACT THAT THE DEFENSE OF RES JUDICATA WAS NEVER RAISED AT THE ADMINISTRATIVE LEVEL.
 {¶ 16} "III. THE TRIAL COURT COMMITTED ERROR BY DENYING APPELLANT'S MOTION TO SUPPLEMENT THE RECORD."
 I. {¶ 17} Appellant claims the trial court erred in granting summary judgment to Appellee. Specifically, Appellant claims the trial court erred in finding his claims under Motion 2 were barred by the doctrine of res judicata because the conditions of aggravation of pre-existing degenerative disc disease L5-S1 and forminal stenosis at L5-S1 bilaterally causing impingement on the L5 nerve roots were diagnosed at the time Appellant filed Motion 1. We agree the trial court erred.
 {¶ 18} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36, 506 N.E.2d 212.
 {¶ 19} Civ. R. 56(C) states, in pertinent part: *Page 6 
 {¶ 20} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 21} Pursuant to the above-stated rule, a trial court may not grant summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment, on the ground that the non-moving party cannot prove its case, bears the initial burden of informing the trial court of the basis for its motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the non-moving party's claim. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the non-moving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the non-moving party has no evidence to support the non-moving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the non-moving party then has a reciprocal *Page 7 
burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the non-moving party. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429 citingDresher v. Burt (1966), 75 Ohio St.3d 280.
 {¶ 22} It is based upon this standard we review appellant's first Assignment of Error.
 {¶ 23} The doctrine of res judicata precludes "the relitigation of a point of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction."Consumers' Counsel v. Pub. Util. Comm. (1985), 16 Ohio St.3d 9, 10,475 N.E.2d 782. "Res judicata, whether issue preclusion or claim preclusion, applies to those administrative proceedings which are `of a judicial nature and where the parties have had an ample opportunity to litigate the issues involved in the proceedings.`" Set Products, Inc. v.Bainbridge Twp. Bd. Of Zoning Appeals (1987), 31 Ohio St.3d 260, 263,510 N.E.2d 373.
 {¶ 24} It has been further held that once a competent tribunal enters a valid, final judgment on the merits, res judicata bars all subsequent actions based upon any claims arising out of the transaction or occurrence that was the subject matter of the previous action. Grava v.Parkman Twp., 73 Ohio St.3d 379, 1995-Ohio-331, 653 N.E.2d 226, syllabus. The doctrine of res judicata not only applies to those claims and defenses actually litigated in the first dispute, but is conclusive as to any claim that may have been properly adjudicated. Robinson v. AT T Network Systems, 10th Dist. No. 02-AP-807, 2003-Ohio-1513 at ¶ 14 citing Grava, 73 Ohio St.3d at 382. "[R]esjudicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from *Page 8 
asserting it." Grava, 73 Ohio St.3d at 382 quoting Natl. Amusements,Inc. v. Springdale (1990), 53 Ohio St.3d 60, 62, 558 N.E.2d 1178.
 {¶ 25} Appellee's argument that Appellant's claims under Motion 2 are barred by res judicata is based upon the diagnostic tests that were taken in January 2003. The parties agree the diagnostic tests reveal Appellant suffered from four distinct conditions, all within the lower back region and as a result on his workplace injury on January 15, 2003. Appellee argues that Appellant was aware of the conditions of Motion 2 at the time of filing Motion 1. In order to avoid claim preclusion, Appellee states Appellant was required to either include those conditions with Motion 1 or Appellant should have amended his complaint in Stark County Case No. 2004CV02217 to include those conditions.
 {¶ 26} The trial court relied upon Robinson v. AT T NetworkSystems, 10th Dist. No. 02-AP-807, 2003-Ohio-1513, to find Appellant's claims in Motion 2 were barred by res judicata. Upon further analysis, we find Robinson to be inapplicable to the present case. In Robinson, the appellant made a claim for the additional allowance of post-traumatic degenerative disc disease ("DDD") which was denied by the Staff Hearing Officer and affirmed by the Industrial Commission. The appellant did not appeal the commission's decision. The appellant in Robinson then filed a new claim for the additional allowance for "aggravation of pre-existing" DDD. The Staff Hearing Officer allowed the claim. The appellee appealed the allowance to the common pleas court arguing the current claim for aggravation was barred by res judicata because the appellant failed to appeal the original claim of post-traumatic DDD. The trial court found that appellant's claims were not sufficiently identical to invoke res judicata. Id. at ¶ 9. *Page 9 
 {¶ 27} On appeal, the court reversed the decision of the trial court. The court found the appellant was attempting to claim the same injury, but under different theories of causation. Id. at ¶ 16. "The only distinguishing factor between the two claims is whether the accident directly caused, or served to aggravate, Robinson's DDD * * *. However, advancing a new theory of causation is not tantamount to trying to prove a new injury. (citation omitted)" Id.
 {¶ 28} In the present case, the parties agree that Appellant was diagnosed with four distinct injuries. There is no dispute that Appellant's claims in Motion 1 and Motion 2 presented different injuries for review by the Bureau of Workers' Compensation. Robinson requires the claimant to present all possible theories of causation for one injury in a single proceeding. The Ohio Supreme Court in Ward v. Kroger Co.,106 Ohio St.3d 25, 2005-Ohio-3560, 830 N.E.2d 1155, at ¶ 14, stated, "[n]othing in Robinson suggests a claimant is required to litigatedistinct conditions in a single proceeding merely because they affect or involve the same body part."
 {¶ 29} The Ohio Supreme Court further noted:
 {¶ 30} "The holding of Robinson is limited to the situation in which a claimant obtains an allowance of a particular claim for a particular body part, does not appeal the order to the common pleas court, and then seeks the administrative allowance of an additional claim for the same injury to the same body part, but on a different theory."
 {¶ 31} While it is clear Appellant was diagnosed with four separate and distinct injuries, the question remains as to whether under the argument of claim preclusion, does res judicata apply? We answer in the negative for the following reasons. *Page 10 
 {¶ 32} We agree the radiologist report and MRI taken in January 2003 diagnoses Appellant with the conditions claimed in Motion 2. However, "a bare reference to medical conditions, as here, in a physician's correspondence or medical test summary does not constitute a request for recognition of that condition by a claimant." Birdsong v. McDonald'sCorp., 5th Dist. No. 03CAH03017, 2002-Ohio-3994, at ¶ 16, citing State, ex rel. Morrow v. Industrial Commission (1994),71 Ohio St.3d 236, 238, 643 N.E.2d 118. While Appellant may have had adiagnosis of the conditions claimed in Motion 2 in January, 2003, Appellant did not have a medical expert report opining that Appellant's pre-existing degenerative disc disease and foraminal stenosis were aggravated by Appellant's workplace injury until May 3, 2004 (and an additional report on November 15, 2004).
 {¶ 33} "[I]n order to establish a right to workmen's compensation for harm or disability claimed to have resulted from an accidental injury, it is necessary for the claimant to show by a preponderance of the evidence not only that his injury arose out of and in the course of his employment but that a direct or proximate causal relationship existed between his accidental injury and his harm or disability; and where medical evidence is necessary to establish such relationship, that evidence must show that his accidental injury was or probably was a direct or proximate cause of the harm or disability. * * *" Fox v.Industrial Comm. (1955), 162 Ohio St. 569, 576, 125 N.E.2d 1.
 {¶ 34} "Except as to questions of cause and effect which are so apparent as to be matters of common knowledge, the issue of causal connection between an injury and a specific subsequent physical disability involves a scientific inquiry and must be established by the opinion of medical witnesses competent to express such opinion. In *Page 11 
the absence of such medical opinion, it is error to refuse to withdraw that issue from the consideration of the jury." Darnell v. Eastman
(1970), 23 Ohio St.2d 13, 261 N.E.2d 114, syllabus.
 {¶ 35} The Industrial Commission issued its decision on Motion 1 on May 7, 2004. With the above sequence of events, while the conditions were evident in the diagnostic tests, we find the diagnosis and medical reference to Appellant's conditions without the required medical expert testimony is not a bar to the prosecution of the claims at a later date.
 {¶ 36} Our reasoning is consistent with the Ohio Supreme Court's analysis in Ward, supra, in which the Court stated:
 {¶ 37} "Clearly, then, each injury or condition that is alleged to give the claimant a right to participate in the Workers' Compensation Fund must be considered a separate claim for purposes of R.C. 4123.511
and 4123.512, and each claim must proceed through the administrative process in order to be subject to judicial review." Id. at 38.
 {¶ 38} Appellee also argues that Appellant should have attempted to amend his trial complaint in Motion 1 to include the conditions of Motion 2. The Industrial Commission issued its decision denying Appellant's claims under Motion 2 on January 4, 2005. The trial on Motion 1 began on approximately February 9, 2005. A review of the trial transcript from the February 9, 2005 trial shows that Appellant attempted to raise the issues of Motion 2 in the trial, but was not permitted to do so by the trial court who felt that Appellant would be "bootstrapping" the additional conditions into that trial. *Page 12 
 {¶ 39} Likewise, there is no statute or administrative rule requiring a claimant to consolidate for trial all administrative orders from which an appeal is taken.
 {¶ 40} Appellee finally argues if this court finds the claims of Motion 2 are not barred by res judicata, the trial court nonetheless lacked subject matter jurisdiction to hear the case because the Industrial Commission was without jurisdiction to consider the claims. Appellee bases its argument on R.C. 4123.52 and the Industrial Commission's continuing jurisdiction based upon "new and changed circumstances." We find this argument to be not well taken based upon our above finding regarding res judicata.
 {¶ 41} Upon review, we find Appellant's claims under Motion 2 are not barred by the doctrine of res judicata. Appellant's first Assignment of Error is sustained.
 II. and III. {¶ 42} The second and third Assignments of Error are rendered moot by our disposition of the first Assignment of Error.
 {¶ 43} The judgment of the Stark County Court of Common Pleas is reversed.
This matter is remanded to the trial court for further proceedings consistent with our opinion and law. Costs assessed to Appellee.
Delaney, J. Gwin, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is reversed. This matter is remanded to the trial court for further proceedings consistent with our opinion and law. Costs assessed to Appellee. *Page 1