[Cite as *Henderson v. Canton City Schools*, 2019-Ohio-610.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| ROSALIND D. HENDERSON | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellant | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2018CA00073 |
| CANTON CITY SCHOOLS, ET AL | : |  |
|  | : |  |
| Defendants-Appellees | : | <u>OPINION</u> |

CHARACTER OF PROCEEDING:    Civil appeal from the Stark County Court of Common Pleas, Case No. 2017CV01937

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    February 19, 2019

APPEARANCES:

For Plaintiff-Appellant

JENNIFER LAWTHER
27730 Euclid Avenue
Cleveland, OH 44132

For Bureau of Workers' Compensation
ZENA ELLIOTT
Assistant Attorney General
20 West Federal Street, 3rd Floor
Youngstown, OH 44503

For Defendant-Appellee Canton City Schools

DARRELL MARKIJOHN
3521 Whipple Avenue N.W.
Canton, OH 44718

*Gwin, P.J.*

{¶1} Appellant appeals the May 16, 2018 judgment entry of the Stark County Court of Common Pleas granting appellees' motion for summary judgment.

*Facts & Procedural History*

{¶2} On March 17, 2014, appellant Rosalind Henderson was injured at work. Appellant's workers' compensation claim was allowed for right shoulder sprain and left shoulder sprain. Appellant filed two separate motions at the administrative level asking for further allowance of the claim for "partial thickness tear left supraspinatus."

{¶3} In her first motion, filed on September 12, 2014 with the Bureau of Workers' Compensation ("BWC"), appellant argued the partial thickness tear left supraspinatus was directly and proximately caused by the March 17, 2014 injury. The district hearing officer disallowed her claim and the staff hearing officer affirmed the disallowance. The Industrial Commission ("IC") refused her appeal on May 28, 2015. On July 23, 2015, appellant filed her appeal in the Stark County Court of Common Pleas, Case No. 2015 CV 01521 ("*Henderson I*"). Appellant voluntarily dismissed *Henderson I* pursuant to Civil Rule 41(A) on April 4, 2016.

{¶4} In her second motion, filed on July 23, 2015 with the BWC, appellant argued the partial thickness tear left supraspinatus was substantially aggravated by the March 17, 2014 injury. The district hearing officer disallowed her claim and the staff hearing officer affirmed the disallowance. The IC refused her appeal on November 24, 2015. While *Henderson I* was still pending, appellant filed an appeal of the denial of her second motion with the Stark County Court of Common Pleas, Case No. 2016 CV 00173, ("*Henderson II*") on January 25, 2016. Appellant did not move to consolidate *Henderson*

*II* with *Henderson I*. Appellant voluntarily dismissed *Henderson II* pursuant to Civil Rule 41(A) on September 29, 2016.

{¶5} Appellant re-filed *Henderson I* on March 23, 2017. Appellant re-filed *Henderson II* on September 25, 2017. On February 21, 2018, appellant voluntarily dismissed *Henderson I* pursuant to Civil Rule 41(A) for the second time.

{¶6} Appellee Canton City Schools filed a motion for summary judgment on March 2, 2018 in *Henderson II*, arguing the claim in *Henderson II* is barred by the doctrine of res judicata. Attached to the motion for summary judgment is the affidavit of Darrell Markijohn, counsel for Canton City Schools, stating the documents attached as the complaints and notices of dismissal, are certified copies. Appellee BWC joined in appellee Canton City Schools' motion for summary judgment on March 16, 2018.

{¶7} Appellant filed her memorandum contra to appellees' motion for summary judgment on March 16, 2018, arguing res judicata did not bar her claim in *Henderson II*. Attached to the memorandum contra to the motion for summary judgment is the affidavit of C. Bradley Howenstein, counsel for appellant, stating the attached documents are true and accurate copies from the IC's system.

{¶8} Appellee Canton City Schools filed a reply in support of their motion on March 29, 2018.

{¶9} The trial court issued a judgment entry granting appellees' motions for summary judgment on May 16, 2018. The trial court found both *Henderson I* and *Henderson II* arise out of the same March 17, 2014 workplace injury and thus the same transaction, but allege two different substantive theories of causation. The trial court found that, under the holding of the Ohio Supreme Court in *Starkey*, appellant was entitled

to present her theory of substantial aggravation in *Henderson I*, but she did not, and res judicata bars claims that arise out of the same transaction that were or might have been brought in an earlier proceeding. The trial court noted appellant concedes the second voluntary dismissal of *Henderson I* operates as an adjudication of the merits of the claim. The trial court found this case involves the same parties, the same transaction or occurrence (the March 17, 2014 workplace injury), and the same injury (a partial thickness tear left supraspinatus) as that at issue in *Henderson I*, and thus the claim in *Henderson II* is barred by res judicata.

{¶10} Appellant appeals the May 16, 2018 judgment entry of the Stark County Court of Common Pleas and assigns the following as error:

{¶11} "I. WHERE THE INDUSTRIAL COMMISSION CONDUCTS SEPARATE ADJUDICATIONS OF THE SAME CONDITIONS UNDER DIFFERENT CAUSAL THEORIES, APPELLANT IS NOT PRECLUDED BY COLLATERAL ESTOPPEL FROM PURSUING SEPARATE COURT APPEALS OF THE DENIALS OF THOSE CONDITIONS, AS THE CONDITIONS WERE NOT FULLY LITIGATED IN THE EARLIER ADJUDICATION BY THE COMMISSION.

{¶12} "II. THE SUMMARY JUDGMENT GRANTED BY THE LOWER COURT IS INAPPROPRIATE AS A MATTER OF LAW ON THE UNDISPUTED FACTS."

*Summary Judgment Standard*

{¶13} Civ.R. 56 states, in pertinent part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in

the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed mostly strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

{¶14} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning-Ferris Inds. of Ohio, Inc.*, 15 Ohio St.3d 321, 474 N.E.2d 271 (1984). A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist. 1999).

{¶15} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding*

*Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987).  This means we review the matter de novo.  *Doe v. Shaffer*, 90 Ohio St.3d 388, 2000-Ohio-186, 738 N.E.2d 1243

### I. & II.

{¶16}  We consider appellant's assignments of error together because they are interrelated.  Appellant argues the trial court erred in granting summary judgment to appellees based upon res judicata.  Appellees contend the trial court properly granted them summary judgment pursuant to the doctrine of res judicata.

{¶17}  The doctrine of res judicata precludes "relitigation of a point of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction."  *State ex rel. Kroger Co. v. Indus. Comm.*, 80 Ohio St.3d 649, 687 N.E.2d 768 (1998).  In order to apply the doctrine of res judicata, we must conclude the following: "(1) there was a prior valid judgment on the merits; (2) the second action involved the same parties as the first action; (3) the present action raises claims that were or could have been litigated in the prior action; and (4) both actions arise out of the same transaction or occurrence."  *Grava v. Parkman Twp.*, 70 Ohio St.3d 379, 653 N.E.2d 226 (1995).  Res judicata extends to claims that "were or could have been litigated" in the first action.  *State ex rel. Massey v. Stark Cty. Common Pleas Ct.*, 5th Dist. Stark No. 2017CA00003, 2017-Ohio-1351; *Franklin v. Brown*, 5th Dist. Richland No. 16CA24, 2016-Ohio-7032.

{¶18}  In this case, *Henderson II* involves the same parties as *Henderson I*.  Both actions arise out of the same transaction or occurrence, the March 17, 2014 workplace injury, and the same injury, a partial thickness tear left supraspinatus.  There is a final adjudication on the merits of the claim in *Henderson I* because, as appellant concedes,

when a plaintiff files "two unilateral notices of dismissal under Civ.R. 41(A)(1)(a) regarding the same claim, the second notice of dismissal functions as an adjudication of the merits of that claim, regardless of any contrary language in the second notice." *Olynyk v. Scoles*, 114 Ohio St.3d 56, 2007-Ohio-2878, 868 N.E.2d 254. An adjudication on the merits pursuant to the double-dismissal rule is a bar to a future action asserting the same claim under the doctrine of res judicata. *Id.* Accordingly, the only issue is whether the present action raises claims that were or could have been litigated in the prior action.

{¶19} Appellant first argues res judicata is inapplicable where a claimant is pursuing different causal theories. We disagree.

{¶20} In *Starkey v. Builders FirstSource Ohio Valley, L.L.C.*, 130 Ohio St.3d 114, 2011-Ohio-3278, 956 N.E.2d 267, the Ohio Supreme Court addressed the following issue: "whether a claim for a certain condition by way of direct causation must necessarily include a claim for aggravation of that condition for purposes of either R.C. 4123.512 or res judicata." The Supreme Court answered affirmatively and stated "a claim for a certain condition by way of direct causation must necessarily include a claim for aggravation of that condition." *Id.* The Court held that because aggravation of a preexisting condition is a type of causation, it is not a separate condition or distinct injury. *Id.* The Court reasoned that in an R.C. 4123.512 appeal from the IC's order, though the appeal is de novo, the claimant's right to participate in the fund is for a specific injury, not a specific type of causation. *Id.* Further, that a claimant is not required to advance a specific theory of causation at the administrative level to utilize that theory in common pleas court because R.C. 4123.512 allows a claimant to introduce new evidence, provided the evidence relates to the same condition or injury. *Id.*

{¶21} In *Robinson v. AT&T Network Systems*, the Tenth District found the appellant's second R.C. 4123.512 appeal was barred by res judicata. 10th Dist. Franklin No. 02AP-807, 2003-Ohio-1513. Like in this case, the only distinguishing factor between the appellant's two cases in *Robinson* was "whether the accident directly caused, or served to aggravate, the injury." *Id.* The Court found "advancing a new theory of causation is not tantamount to trying to prove a new injury" and simply advancing a new theory of causation "presents a claim that for all intents and purposes, is identical to that of the first" and is barred by res judicata. *Id.*; see also *Holbrook v. OhioHealth Corp.*, 10th Dist. Franklin No. 14AP-507, 2015-Ohio-2354 (holding res judicata barred the appellant from pursuing a second claim for substantial aggravation because substantial aggravation does not give rise to a separate claim). While we ultimately determined res judicata did not apply because the parties agreed there were four distinct injuries or conditions presented in each appeal, this Court has previously favorably cited *Robinson* for the proposition that a claimant must present all possible theories of causation for one injury in a single proceeding. *Banner v. Fresh Mark, Inc.*, 5th Dist. Stark No. 2006CA00055, 2007-Ohio-3359.

{¶22} Pursuant to *Starkey* and *Robinson*, appellant was entitled to present her theory of substantial aggravation in *Henderson I* even if it had not been adjudicated administratively, because the partial thickness tear left supraspinatus had been addressed administratively on the theory of direct causation, and she is allowed to present evidence on any theory of causation in her R.C. 4123.512 appeal. Thus, the claim in *Henderson II* was or could have been litigated in *Henderson I*.

**{¶23}** Additionally, *Henderson I* was pending twice at the same time *Henderson II* was pending. Appellant could have sought to consolidate *Henderson I* and *Henderson II*, pursuant to Civil Rule 18, during the times they were both pending from January 25, 2016 to April 4, 2016 and again from September 25, 2017 to February 21, 2018.

**{¶24}** Appellant contends that since the IC separately adjudicated her direct causation and substantial causation theories separately, she can pursue two cases in common pleas court. However, the Ohio Supreme Court has held that an R.C. 4123.512 appeal to the common pleas court is a de novo determination of both facts and law, in which a claimant bears the burden of proving his or her right to participate in the workers' compensation fund, regardless of the IC's decision. *Bennett v. Admr., Ohio Bureau of Workers' Compensation*, 134 Ohio St.3d 329, 2012-Ohio-5639, 982 N.E.2d 666. The common pleas court, or jury, makes a determination de novo, not predicated upon evidence before the IC, but upon evidence adduced before the common pleas court, and without consideration of and without deference to the decision of the IC. *Id.* Accordingly, the fact that the IC separately adjudicated her theories is not dispositive in an R.C. 4123.512 appeal.

**{¶25}** Appellant additionally argues that, pursuant to the Ohio Supreme Court's decision in *Ward v. Kroger*, she could only seek to participate in the fund for those conditions addressed in the administrative order from which that appeal was taken; thus, she had to separately appeal the direct causation and substantial aggravation denials. *Ward v. Kroger Co.*, 106 Ohio St.3d 35, 2005-Ohio-3560, 830 N.E.2d 1155. *Ward* holds that a claimant in an R.C. 4123.512 appeal may seek to participate in the fund only for those conditions that were addressed in the administrative order from which the appeal

is taken and states a claimant is not required to litigate distinct conditions in a single proceeding merely because they affect or involve the same body part. *Id.*

**{¶26}** However, subsequent to *Ward*, the Ohio Supreme Court stated that *Ward* "involved a discrete situation in which a specific medical condition was administratively considered and the claimant then attempted to add new conditions in his R.C. 4123.512 appeal." *Bennett v. Admr., Ohio Bureau of Workers' Compensation*, 134 Ohio St.3d 329, 2012-Ohio-5639, 982 N.E.2d 666. The Ohio Supreme Court also held that "because aggravation of a preexisting medical condition is a type of causation, it is not a separate condition or distinct injury." *Id.*; see also *Ward v. Kroger Co.*, 106 Ohio St.3d 35, 2005-Ohio-3560, 830 N.E.2d 1155 (defining an industrial 'claim' in terms of a specific condition or injury, regardless of the cause.) *Ward* pertained to alleging new medical conditions. In this case, appellant did not allege a new medical condition or injury in *Henderson II*. Rather, he alleged a new theory of causation. Thus, the holding in *Ward* is not applicable to this case.

**{¶27}** Appellant contends she could not bring both direct causation and substantial aggravation theories in the same case in the common pleas court because she would have to present an expert medical opinion that is contradictory because the same expert stated her condition was both caused by her industrial incident and was a preexisting condition that was made worse by that incident. However, appellant could have sought to consolidate *Henderson I* and *Henderson II* pursuant to Civil Rule 18, as both cases were pending at the same time from January 25, 2016 to April 4, 2016 and again from September 25, 2017 to February 21, 2018. Additionally, as noted by the Tenth District, the core of appellant's claim is whether she should be permitted to participate in

the workers' compensation fund for the specific injury of a partial thickness tear left supraspinatus and she could have argued her entitlement to participate in the workers' compensation fund by presenting alternative theories of causation: the accident directly caused the partial thickness tear left supraspinatus or the accident aggravated the partial thickness tear left supraspinatus. *Robinson v. AT&T Network Systems*, 10th Dist. Franklin No. 02AP-807, 2003-Ohio-1513.

{¶28} Based on the foregoing, we find the four prongs of the res judicata test are met in this case, *Henderson II* is barred by res judicata, and the trial court did not err in granting appellees' motion for summary judgment.

{¶29} The May 16, 2018 judgment entry of the Stark County Court of Common Pleas is affirmed.

By: Gwin, P.J.,

Baldwin, J., and

Wise, Earle, J., concur