CLEVELAND BAR ASSOCIATION *v.* WITT.

[Cite as *Cleveland Bar Assn. v. Witt* (1999), 85 Ohio St.3d 9.]

(No. 98–827—Submitted December 2, 1998—Decided March 3, 1999.)

*Robert J. Hanna* and *Marjorie H. Kitchell,* for relator.
*C. David Witt, pro se.*

**Per Curiam.** In response to our order to show cause why we should not adopt the report of the board, respondent filed objections, attaching an affidavit about his twenty-four years of practice, his public service, his former employment by CMHA, and his not having entered into a contract with Tyus. He also averred that he had not received any subpoena from relator and had not received any requests from Tyus for the return of documents. He further said that he had settled with Tyus. Respondent expressed his remorse and regret at not cooperating with relator's investigation, ascribing his failure to clinical depression for

which he is currently being treated at the Cleveland Clinic. Respondent appeared at oral argument and made the same statements.

We accept the findings and conclusions of the board. However, no evidence exists that the return receipt accompanying Tyus's demand for the return of her documents bore respondent's signature. Even Tyus's own affidavit states that the receipt was "[a]pparently" signed by respondent. Given these circumstances, we would have imposed only a public reprimand for respondent's violation of the Disciplinary Rules.

But the evidence is clear that respondent also completely failed to cooperate with relator's investigation, failed to answer the complaint, and failed to reply to the default-judgment motion. Only after we issued an order to show cause did respondent awake to the consequences of his inaction and make a belated attempt to excuse and justify his failure to cooperate.

Although we were impressed at oral argument by respondent's forthright admission of and remorse for his failure to abide by the Rules for the Government of the Bar, as we said in *Lake Cty. Bar Assn. v. Vala* (1998), 82 Ohio St.3d 57, 59, 693 N.E.2d 1083, 1084, "The requirement to cooperate in disciplinary investigations is rooted in the self-governing nature of the legal profession. As a corollary, each lawyer has a duty to participate in the regulation of the profession, even when he himself is the subject of the investigation." In this case, as in both *Vala* and in *Medina Cty. Bar Assn. v. Muhlbach* (1998), 83 Ohio St.3d 224, 699 N.E.2d 459, the relator may not have brought a disciplinary action had the respondent been forthcoming when first advised of the grievance. Therefore, agreeing with the board's conclusion that respondent violated Gov.Bar R. V(4)(G), we hereby suspend respondent from the practice of law in Ohio for one year with the entire year of the suspension stayed. No conditions are imposed. Costs are taxed to respondent.

*Judgment accordingly.*

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., and COOK, J., dissent and would suspend respondent from the practice of law for one year with six months stayed.