DAYTON BAR ASSOCIATION *v.* STEPHAN.

[Cite as *Dayton Bar Assn. v. Stephan,*
108 Ohio St.3d 327, 2006-Ohio-1063.]

(No. 2005–1159—Submitted October 25, 2005—Decided March 22, 2006.)

PFEIFER, J.

{¶ 1} On December 6, 2004, relator, the Dayton Bar Association, filed a complaint against respondent, Wayne Stephan, Attorney Registration No. 0023577, charging him with Disciplinary Rule violations related to his representation of a client. Stephan failed to answer the complaint. Relator filed a motion for default judgment and recommended that Stephan be suspended from the practice of law for one year. Stephan did not respond to the motion for default judgment.

{¶ 2} A master commissioner appointed by the Board of Commissioners on Grievances and Discipline of the Supreme Court granted the motion for default judgment, made findings of misconduct, and recommended a one-year suspension from the practice of law with the entire suspension stayed upon conditions. The recommended conditions were (1) that Stephan submit to having his law-office-management practices monitored by relator, (2) that Stephan complete a course in law-office management and two hours of CLE on ethics, and (3) that Stephan pay the costs of the disciplinary proceedings. The board considered the matter on June 9, 2005, and adopted the master commissioner's findings of fact and conclusions of law. The board recommended a six-month suspension from the practice of law and an order for Stephan to pay restitution to his client and the costs of the disciplinary proceedings.

{¶ 3} In the summer of 2002, Rosalind Yarnall hired Stephan to represent her in a divorce. Yarnall paid Stephan $1,500 for all legal services associated with her divorce. On August 11, 2003, a hearing was held and a divorce was granted, and each party was ordered to file a qualified domestic-relations order ("QDRO"). A QDRO is an order that " 'creates or recognizes the right or rights of a spouse, former spouse, child, or other dependent to receive all or a portion of the benefits

payable from a private pension plan for the provision of or payment of child support, spousal support, or marital property rights due from the private pension plan participant.'" *Disciplinary Counsel v. Herman*, 99 Ohio St.3d 362, 2003-Ohio-3932, 792 N.E.2d 1078, ¶ 1, fn. 1, quoting 1 Sowald & Morganstern, Domestic Relations Law (2002) 408, Section 9:20. Stephan told Yarnall that she needed to pay him an additional $350 for him to prepare her QDRO. Yarnall paid the additional fee, even though when Stephan took the case, he did not tell her that a QDRO would be required or that he would charge an additional fee to prepare a QDRO. In January 2004, the adverse party in the divorce action filed his QDRO. Stephan failed to prepare Yarnall's QDRO, and in May 2004, the judge issued a show-cause order in response to a motion asking the court to find Yarnall in contempt for failing to file her QDRO. After Stephan failed to contact her, Yarnall hired substitute counsel, who prepared and filed her QDRO. The board concluded that Stephan had violated DR 1–102(A)(6) (barring an attorney from engaging in conduct adversely reflecting on his fitness to practice law) by failing to complete the legal work he had been engaged to perform, by failing to communicate with Yarnall, and by accepting a $350 check from Yarnall to prepare and file a QDRO and then neither preparing the QDRO nor returning the check. The board additionally found that Stephan had violated DR 6–101(A)(2) (barring an attorney from handling a legal matter without adequate preparation) and 6–101(A)(3) (barring an attorney from neglecting an entrusted legal matter) by failing to complete the legal work he was retained to do and by failing to communicate with his client.

{¶ 4} In mitigation, the board found that Stephan has no prior record of a Disciplinary Rule violation and mentioned that relator had determined that there was no dishonest or selfish motive on the part of Stephan and that Stephan has a good character and reputation. Stephan offered neither a defense nor mitigating evidence until the cause reached this court and we issued an order to show cause why the recommendation of the board should not be confirmed. In response, Stephan filed objections and a brief and moved this court to remand the cause to the board and grant him leave to file an answer and submit evidence. In the alternative, he moved to supplement the record before this court, and he attached an affidavit to his motion for that purpose.

{¶ 5} We deny Stephan's motions. We have previously held that attorneys have an obligation to assist in disciplinary matters and that the record should be developed in the answers and hearings prior to reaching this court. See *Cleveland Bar Assn. v. Witt* (1999), 85 Ohio St.3d 9, 11, 706 N.E.2d 763 (the respondent's affidavit filed with this court was not considered, because "[o]nly after we issued an order to show cause did respondent awake to the consequences of his inaction and make a belated attempt to excuse and justify his failure to

cooperate"). We will consider supplements to the record only under the most exceptional circumstances. We find no such circumstances in this case.

{¶ 6} Relator recommends that Stephan be suspended from the practice of law for at least one year. The master commissioner recommended to the board that Stephan be suspended from the practice of law for one year with the entire suspension stayed on conditions. The board recommends that Stephan be suspended from the practice of law for six months and be ordered to pay restitution to his client and the costs of the disciplinary proceedings.

{¶ 7} We conclude that Stephan violated DR 1–102(A)(6), 6–101(A)(2), and 6–101(A)(3). Stephan was not adequately prepared to handle a legal matter he accepted, he did not complete the matter for his client, and his client suffered harm as a result. We acknowledge relator's assertion that Stephan has a good reputation and that he did not act with dishonest or selfish motives. We also note that he has no prior record of Disciplinary Rule violations. In *Columbus Bar Assn. v. Micciulla*, 106 Ohio St.3d 19, 2005-Ohio-3470, 830 N.E.2d 332, we determined that a suspension stayed on conditions is an appropriate sanction in a case involving neglect of a client's legal matter when the attorney has no prior disciplinary record and no dishonest or selfish motive. We conclude that a suspension stayed on conditions is appropriate in this case as well.

{¶ 8} We hereby suspend Stephan from the practice of law in Ohio for two years and stay the suspension on the conditions that Stephan (1) submit to and cooperate with a monitoring attorney appointed by relator, who will meet with Stephan monthly and offer counsel concerning Stephan's law-office management, his relations and communication techniques with clients and relator, and other issues that arise in his law practice, (2) complete a course in law-office management and two hours of CLE on ethics during the stayed suspension period, submitting evidence of compliance to the monitor, (3) reimburse Yarnall for all attorney fees and out-of-pocket expenses incurred as a result of her obtaining substitute counsel, and (4) pay the costs of these proceedings. Should Stephan violate the conditions of the stay, the stay will be lifted, and Stephan will be suspended from the practice of law in Ohio for two years. Costs are taxed to respondent.

Judgment accordingly.

RESNICK, LUNDBERG STRATTON and LANZINGER, JJ., concur.

MOYER, C.J., O'CONNOR and O'DONNELL, JJ., dissent.

---

**MOYER, C.J., dissenting.**

{¶ 9} I respectfully dissent from the majority opinion with respect to the sanction imposed on respondent. In this case, the respondent neglected an entrusted legal matter for which he had accepted a check for $350. As a result, his client was put at risk of being held in contempt of court. Respondent has not returned the check to his client, even though she ultimately hired substitute counsel to complete the work respondent had agreed to do. Moreover, respondent neglected to appropriately respond to these disciplinary proceedings. He did not timely proffer any evidence to explain his failure to attend to these important responsibilities.

{¶ 10} The facts in prior cases in which this court imposed a fully stayed suspension are distinguishable. For example, in *Columbus Bar Assn. v. Micciulla*, 106 Ohio St.3d 19, 2005-Ohio-3470, 830 N.E.2d 332, cited by the majority, the disciplined attorney proffered evidence of mitigation, including the discovery of previously undiagnosed medical conditions that had contributed to his procrastination. In addition, the attorney demonstrated a history of pro bono service to the poor and to battered women.

{¶ 11} In my view, and in accord with the recommendation of the Board of Commissioners on Grievances and Discipline, the court should impose an actual suspension. I would impose an 18–month suspension with 12 months stayed on the same conditions adopted by the majority, resulting in an actual suspension of six months.

O'DONNELL, J., concurs in the foregoing dissenting opinion.

---

**O'CONNOR, J., dissenting.**

{¶ 12} I respectfully dissent and would suspend respondent for 18 months and stay the last 12 months of the suspension provided that he meet all of the conditions imposed by the majority.

{¶ 13} I would impose an actual suspension due to respondent's failure to cooperate with the Dayton Bar Association by answering the complaint in a timely manner and by failing to respond to the motion for a default judgment.

---

Leppla Associates and Gary J. Leppla, for respondent.
Popp & Tuss and Mark A. Tuss, for relator.