AKRON BAR ASSOCIATION *v.* HOLDER.

[Cite as *Akron Bar Assn. v. Holder,*
112 Ohio St.3d 90, 2006-Ohio-6506.]

(No. 2006–0395—Submitted June 20, 2006—Decided December 27, 2006.)

Per Curiam.

{¶ 1} Respondent, William P. Holder Jr. of Akron, Ohio, Attorney Registration No. 0015110, was admitted to the practice of law in Ohio in 1966. On June 16, 2004, we suspended respondent's license to practice for two years but stayed the last 18 months on conditions, after finding that respondent had disclosed client secrets without authority, acted dishonestly, improperly represented clients with conflicting interests, and attempted to intimidate a client and disciplinary authorities, among other misconduct. *Akron Bar Assn. v. Holder,* 102 Ohio St.3d 307, 2004-Ohio-2835, 810 N.E.2d 426 ("*Holder I*"). The stay never went into effect, and respondent's license has not been reinstated, due to a second disciplinary complaint.

{¶ 2} On June 15, 2005, we ordered respondent's indefinite suspension from the practice of law after finding that he had committed further misconduct, including additional acts of dishonesty, misappropriation of client funds, improper representation of clients with conflicting interests, and attempts to intimidate a client. *Akron Bar Assn. v. Holder,* 105 Ohio St.3d 443, 2005-Ohio-2695, 828 N.E.2d 621 ("*Holder II*"). The indefinite suspension became effective upon the expiration of the earlier two-year suspension period.

{¶ 3} On June 13, 2005, relator, Akron Bar Association, charged respondent with many more violations of the Code of Professional Responsibility. After multiple attempts to serve respondent with the complaint were unsuccessful, the complaint was served on the Clerk of the Supreme Court pursuant to Gov.Bar R. V(11)(B). Upon respondent's failure to answer, relator moved for default pursuant to Gov.Bar R. V(6)(F).

{¶ 4} A master commissioner appointed by the Board of Commissioners on Grievances and Discipline granted the motion for default and made findings of

fact, conclusions of law, and a recommendation to disbar respondent. The board adopted the findings of misconduct and recommendation to disbar. Respondent has objected, arguing that he was not properly served with the complaint, that the disciplinary process has been delayed unreasonably, that some of the board's factual findings were wrong, and that he should not be disbarred.

{¶ 5} On review, we overrule respondent's procedural objections. First, we find that service was sufficient. Relator attempted to serve respondent with notice of the third disciplinary complaint by certified mail on June 13, 2005, at his office address on file with this court's Attorney Registration Section, and again on July 13, 2005, at his residential address, which respondent has acknowledged is correct. Both mailings were returned unclaimed, notwithstanding that respondent had signed for advance notice of the proposed complaint at those addresses during the preceding month.

{¶ 6} A few weeks later, on August 3, 2005, respondent notified this court that his registration address had changed to a post office box in Pennsylvania. At the same time, respondent submitted his resignation from the practice of law in this state. Because of his changed address, relator concluded that respondent had moved from Ohio. Relator thus perfected service of the complaint on the Clerk of the Supreme Court pursuant to Gov.Bar R. V(11)(B), which makes the Clerk an agent for service of legal notice when an Ohio-licensed lawyer becomes a nonresident or conceals his or her whereabouts.

{¶ 7} Respondent argues that he was neither a nonresident nor attempting to conceal his whereabouts and that the complaint should be dismissed for lack of notice. We reject this claim as specious. Respondent received all of the constructive notice and service provided for by Gov.Bar R. V(6)(E) and V(11)(B).

{¶ 8} Respondent clearly knew of the disciplinary proceedings in progress—he communicated with relator throughout the investigation, including promising to provide materials that he never supplied and signing twice for the proposed complaint. In fact, respondent received service of the motion for default through the Pennsylvania post office address, yet he still refused to enter a formal appearance. By ignoring the notice he did receive, respondent may have hoped to delay or avoid these proceedings; however, his refusal to respond does not mean that he was denied notice of the proceedings.

{¶ 9} We also reject the claim of undue delay. Respondent argues that relator did not complete the underlying investigation within 60 days of the filed grievance, as required by Gov.Bar R. V(4)(D), and that the investigation lasted longer than one year. Respondent additionally complains that the proceedings in *Holder I, Holder II,* and this case have taken an inordinately long time.

{¶ 10} Investigations that last more than one year from the date of the initial grievance are, under Gov.Bar R. V(4)(D)(3), to be considered prima facie evidence

of unreasonable delay. But this rule further provides that the "[t]ime limits set forth in this rule are not jurisdictional. No grievance shall be dismissed unless it appears that there has been an unreasonable delay and that the rights of the respondent to have a fair hearing have been violated."

{¶ 11} The record contains no evidence of prejudice to respondent's right to be heard. Respondent chose not to answer the complaint and not to respond to the motion for default or to otherwise formally appear during the proceedings before the board. Since then, respondent has submitted supplemental evidence with his objections to the board's report. On relator's motion, we struck this evidence from the record and, therefore, confine our review to the master commissioner's report and the supporting sworn and certified documentary proof. Accord, *Dayton Bar Assn. v. Stephan*, 108 Ohio St.3d 327, 2006-Ohio-1063, 843 N.E.2d 771. None of this evidence suggests that the passage of time has inhibited respondent's defense.

{¶ 12} Moreover, we need not address respondent's substantive objections. As relator points out, respondent has not contested many of the board's determinations of fact and law as to his numerous violations of the Disciplinary Rules. Among the most flagrant of these is that respondent again violated DR 5–105(A) (requiring an attorney to decline employment that is likely to compromise the attorney's independent judgment on a client's behalf) and (B) (requiring an attorney to discontinue multiple representations that are likely to compromise his or her independent judgment on a client's behalf, unless the client consents after full disclosure of attendant risks) by representing a married couple considering divorce despite their divergent interests and without the informed consent of both spouses. As another example of uncontested misconduct, respondent was found in violation of DR 1–102(A)(4) (prohibiting conduct involving fraud, deceit, dishonesty or misrepresentation) because he induced the husband in this couple to endorse a disability insurance check for $47,500 to him, ostensibly as a strategy to shield the money from the husband's bankruptcy, and persuaded the wife to falsely acknowledge that she or her family trust had retained $25,000 of that amount.

{¶ 13} These undisputed violations, when considered with respondent's prior disciplinary record, amply justify disbarment. Because of his continued lies and self-dealing, we reject respondent's offer to resign from the practice of law in this state pursuant to Gov.Bar R. V(11)(G)(1)(a)(ii). Instead, we permanently disbar respondent from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

Goldman & Rosen, Ltd., and Robert M. Gippin; and Roderick Linton, L.L.P., and William G. Chris, for relator.

Thomas Adgate, for respondent.