TRUMBULL COUNTY BAR ASSOCIATION *v.* OHLIN.

[Cite as *Trumbull Cty. Bar Assn. v. Ohlin,*

133 Ohio St.3d 241, 2012-Ohio-4565.]

*Attorneys—Misconduct—Failure to participate in disciplinary process—Motion to supplement the record—Exceptional circumstances—Presentation of mitigating evidence—Remand.*

(No. 2012-0659—Submitted August 22, 2012—Decided October 9, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 11-026.

_____

**Per Curiam**.

{¶ 1} Respondent, Joseph David Ohlin of Warren, Ohio, Attorney Registration No. 0031532, was admitted to the practice of law in Ohio in 1985. On November 3, 2009, we suspended Ohlin for his failure to register as an attorney for the 2009-2011 biennium and for failing to comply with the continuing legal education requirements of Gov.Bar R. X. *In re Attorney Registration Suspension of Ohlin*, 123 Ohio St.3d 1475, 2009-Ohio-5786, 915 N.E.2d 1256; *In re Continuing Legal Edn. Suspension of Ohlin*, 123 Ohio St.3d 1475, 2009-Ohio-5786, 915 N.E.2d 1256.[1] And on August 24, 2010, in a default proceeding, we indefinitely suspended him for his neglect of an entrusted legal matter, failure to promptly deliver funds to which a client was entitled, and failure to cooperate in the resulting disciplinary investigation. *Disciplinary Counsel v.*

--------

1. Pursuant to Gov.Bar R. X(5)(C), however, a sanction imposed for failure to comply with the continuing legal education requirements of Gov.Bar R. X shall not be considered in the imposition of a sanction for attorney misconduct.

*Ohlin*, 126 Ohio St.3d 384, 2010-Ohio-3826, 934 N.E.2d 323. These suspensions remain in effect.

{¶ 2} On April 11, 2011, relator, Trumbull County Bar Association, filed a six-count complaint alleging that Ohlin had engaged in similar misconduct with respect to six additional client matters and had failed to cooperate in the resulting disciplinary investigations. Ohlin did not answer the complaint, and relator moved for default. A master commissioner appointed by the Board of Commissioners on Grievances and Discipline found that Ohlin was in default and that he had committed most of the charged misconduct; citing the presence of significant aggravating factors, the master commissioner recommended that Ohlin be permanently disbarred. The board adopted the master commissioner's findings of fact, conclusions of law, and recommended sanction.

{¶ 3} In response to our order to show cause, Ohlin filed objections to the board's report and moved to remand this cause to the board so that he can present exculpatory and mitigating evidence. For the reasons that follow, we grant Ohlin's motion to remand this cause to the board, but we limit the scope of the remand to the presentation and consideration of mitigation evidence.

{¶ 4} We grant remands to supplement the record in attorney-disciplinary matters "only under the most exceptional circumstances." *Dayton Bar Assn. v. Stephan*, 108 Ohio St.3d 327, 2006-Ohio-1063, 843 N.E.2d 771, ¶ 5.

{¶ 5} In *Butler Cty. Bar Assn. v. Portman*, 121 Ohio St.3d 518, 2009-Ohio-1705, 905 N.E.2d 1203, the board had adopted a master commissioner's report granting the relator's motion for default, making findings of misconduct with respect to all six counts of the complaint, and recommending that Portman be permanently disbarred. *Id.* at ¶ 4. After the board filed its report with this court, Portman moved to supplement the record with evidence of a claimed mental disability and restitution. We granted the motion and remanded the case to the board for consideration of the evidence Portman had proffered in mitigation and,

if appropriate, a mental health evaluation. *Id.* at ¶ 5; *see also Butler Cty. Bar Assn. v. Portman*, 116 Ohio St.3d 1450, 2007-Ohio-6842, 878 N.E.2d 28.

{¶ 6} On remand, the board found that Portman's absence of a prior disciplinary record, payment of restitution, acknowledgment of the wrongful nature of his conduct, and cooperation in the disciplinary process following the remand, as well as his qualifying mental disability, *see* BCGD Proc.Reg. 10(B)(2)(a), (d), and (g), were mitigating factors that weighed in favor of a lesser sanction. *Portman*, 121 Ohio St.3d 518, 2009-Ohio-1705, 905 N.E.2d 1203, ¶ 26-27. Thus, the board modified its recommended sanction from permanent disbarment to indefinite suspension. *Id.* at ¶ 32-33. We adopted the board's revised recommendation but modified it to afford Portman credit for his interim suspension and to place certain conditions upon any future reinstatement. *Id.* at ¶ 35-37.

{¶ 7} Since deciding *Portman*, we have granted motions to remand for the introduction and consideration of mitigating evidence in a small, but growing, number of cases. *See, e.g.*, *Cleveland Metro. Bar Assn. v. Pryatel*, 131 Ohio St.3d 1404, 2012-Ohio-79, 959 N.E.2d 537; *Disciplinary Counsel v. Eynon*, 130 Ohio St.3d 1433, 2011-Ohio-5879, 957 N.E.2d 38; *Mahoning Cty. Bar Assn. v. Vivo*, 128 Ohio St.3d 1452, 2011-Ohio-1750, 944 N.E.2d 1177*; Disciplinary Counsel v. Johnson*, 128 Ohio St.3d 1404, 2011-Ohio-807, 941 N.E.2d 1205; and *Butler Cty. Bar Assn. v. Minamyer*, 124 Ohio St.3d 1528, 2010-Ohio-1302, 923 N.E.2d 1158.

{¶ 8} In *Vivo*, the relator moved the court to remand the case to the board to determine whether the respondent suffered from a medical condition that led to his failure to respond to the allegations against him. In *Minamyer*, the respondent submitted a response to our show-cause order and some medical records to document his claims that a traumatic brain injury, depression, and posttraumatic stress disorder contributed to his misconduct and affected his ability to respond to the relator's investigation. And in the remaining cases, the respondents submitted

some evidence to demonstrate that their misconduct and failure to respond to their disciplinary investigations was due, at least in part, to their mental health conditions. We remanded each of these cases but limited the scope of the board's review to the consideration of mitigation evidence.

{¶ 9} In Ohlin's motion to supplement the record and remand this proceeding to the board, he states that he regrets his failure to participate in the disciplinary process and that he wants the opportunity to present evidence "that could persuade the Board to not impose the ultimate sanction of permanent disbarment." Attached to his motion is an affidavit in which he avers that he has been suffering from depression as a result of the termination of his marriage and the relocation of his former wife and children to South Carolina. Although his depression has been treated by a psychiatrist and his family practitioner, he states that it has interfered with his ability to practice law and that it has prevented him from participating in this disciplinary action until now. Ohlin acknowledges that in the past, he entered into a contract with the Ohio Lawyers Assistance Program but failed to complete it. Now he expresses a desire to reenroll in the program and comply with all treatment recommendations in hopes that he will one day be able to resume the competent, ethical, and professional practice of law.

{¶ 10} Based upon the specific circumstances of this case, we conclude that Ohlin's affidavit is sufficient to establish the exceptional circumstances warranting a remand solely for the consideration of mitigation evidence. We note that Ohlin is currently serving an indefinite suspension; thus, there is no risk of additional harm to the public during the pendency of a remand.

{¶ 11} However, when asking this court to consider remanding a disciplinary action for a respondent to provide mitigating evidence of a diagnosis of mental disability, a statement from a mental health treatment professional should be provided, setting forth, at a minimum, the respondent's diagnosis and treatment regimen.

{¶ 12} Accordingly, we grant Ohlin's motion in part, and we remand this cause to the board for the submission and consideration of mitigation evidence.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

O'DONNELL, J., dissents and would permanently disbar respondent from the practice of law in Ohio.

————————————

Randil J. Rudloff and Edward L. Lavelle, for relator.

Joseph Terrence Dull, for respondent.

————————————