DISCIPLINARY COUNSEL *v.* TERBEEK.

[Cite as *Disciplinary Counsel v. Terbeek,* 135 Ohio St.3d 458,

2013-Ohio-1912.]

*Attorneys—Misconduct—Misappropriation of funds from client trust account—*
*Permanent disbarment.*

(No. 2012-2056—Submitted February 6, 2013—Decided May 16, 2013.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and

Discipline of the Supreme Court, No. 12-047.

———————————

**Per Curiam**.

{¶ 1}  Respondent, Jeffrey Lee Terbeek of Columbus, Ohio, Attorney Registration No. 0033227, was admitted to the practice of law in Ohio in 1973.

{¶ 2}  In June 2012, a probable-cause panel of the Board of Commissioners on Grievances and Discipline certified a complaint filed by relator, disciplinary counsel, against Terbeek.  The complaint alleged that he had misappropriated funds that he was obligated to hold in escrow for the individual who sold a business to his client, that he had admitted that he used those funds for personal purposes, and that he had failed to disclose his misappropriation in his response to a complaint for breach of contract filed by the seller.

{¶ 3}  Although the board caused relator's complaint to be served on Terbeek by certified mail, he did not answer it or otherwise appear in this disciplinary proceeding.  Therefore, relator moved for default.

{¶ 4}  A master commissioner appointed by the board determined that the materials submitted in support of relator's default motion were sufficient, found by clear and convincing evidence that Terbeek committed the charged misconduct, and recommended that he be permanently disbarred from the practice

of law in Ohio. The board adopted the master commissioner's report in its entirety. On December 19, 2012, this court issued an order to show cause why the court should not confirm the board's recommendation and enter an order of discipline. No objections have been filed.

{¶ 5} We adopt the board's findings of fact and misconduct, and having considered the aggravating and mitigating factors present as well as the sanctions imposed for comparable misconduct, we agree that permanent disbarment is the appropriate sanction.

## Misconduct

{¶ 6} Terbeek represented Diep Nguyen Vo in the purchase of a tailoring business from Eugene Pearson in 1994. Diep Nguyen Vo agreed to pay $15,000 for the trade name, equipment, fixtures, and inventory of the business. Because there were existing liens against the business, the agreement required Terbeek to hold the entire $15,000 purchase price in escrow until Pearson satisfied the liens.

{¶ 7} Terbeek held the funds in escrow in his client trust account from approximately December 1994 until December 2001, when he began to withdraw the funds for his personal use. He withdrew the majority of the funds in two checks issued to himself—the first for $2,500 on December 29, 2001, and the second for $12,000 on May 17, 2002. At an investigative deposition conducted prior to relator's filing of the disciplinary complaint, Terbeek admitted that he withdrew the remaining $500 for his personal use, although he did not have records to document the transaction.

{¶ 8} In a July 6, 2010 letter to Pearson's counsel, Terbeek stated that although he could not recall the specific issues surrounding the sale of the tailoring business, he remembered that the funds were to be held in escrow until the outstanding tax lien was satisfied. He also stated that the reason for holding the funds "seems to be still in effect."

**{¶ 9}** In November 2010, Pearson filed a breach-of-contract action against Terbeek and against a nonparty to the contract, Vuong Hai Vo, based on the failure to forward the purchase money to him. It is not clear from the record why Pearson sued Vuong Hai Vo rather than Diep Nguyen Vo, who was the contracting party. In his answer, Terbeek stated that he had withheld the funds pending the satisfaction of the liens, which had not yet been paid. Although Pearson served two separate discovery requests and twice moved the court to compel discovery and to impose sanctions, Terbeek did not respond. Neither Terbeek nor Vuong Hai Vo appeared at the pretrial hearing, at which the court granted Pearson's motions to compel and set the matter for a sanctions hearing to be held on the same date as the trial.

**{¶ 10}** When Terbeek and Vuong Hai Vo failed to appear at the trial, Pearson voluntarily dismissed the complaint against Vuong Hai Vo and the court entered a judgment against Terbeek for $15,000, plus interest, attorney fees of $2,500, and sanctions of $750. Although Terbeek then failed to appear for a scheduled judgment-debtor examination, he did appear at a January 2012 show-cause hearing, where he admitted that he had taken the funds held in escrow for his personal use. Pearson averred that as of August 6, 2012, Terbeek had not paid any portion of the judgment.

**{¶ 11}** The board found that Terbeek's conduct that occurred before February 1, 2007, violated DR 1-102(A)(4) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(6) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law), and 9-102(A)(2) (requiring funds belonging in part to a client and in part to a lawyer, either presently or potentially, to be deposited in a client trust account and permitting the lawyer to withdraw the

undisputed portion belonging to him or her).[1] The board also found that his conduct on and after February 1, 2007, violated Prof.Cond.R. 1.15 (requiring a lawyer to hold funds belonging to a client or third party in a client trust account separate from his own property), 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice), and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

{¶ 12} We adopt these findings of fact and misconduct.

## Sanction

{¶ 13} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

{¶ 14} In this case, Terbeek misappropriated funds that he was obligated to hold in escrow for a third party and used them for personal purposes. When confronted by that third party about the status of those funds, he advised that the condition precedent for their release had not been satisfied. But while that statement may have been true, it also effectively concealed the fact that Terbeek had already misappropriated the funds. In addition to this misappropriation and misrepresentation, Terbeek failed to provide requested discovery, failed to appear

---

1. Because Terbeek's misconduct occurred both before and after the adoption of the Rules of Professional Conduct on February 1, 2007, relator charged him under the applicable rules of both the former Code of Professional Responsibility and the current Rules of Professional Conduct. To the extent that both the former and current rules are cited for the same acts, the allegations comprise a single continuing ethical violation. *Disciplinary Counsel v. Freeman*, 119 Ohio St.3d 330, 2008-Ohio-3836, 894 N.E.2d 31, ¶ 1, fn. 1.

at scheduled court hearings, and failed to respond to the disciplinary complaint filed against him.

**{¶ 15}** The board found that three of the aggravating factors identified in BCGD Proc.Reg. 10(B)(1) are present—a dishonest or selfish motive, lack of cooperation in the disciplinary process, and the failure to make restitution. *See* BCGD Proc.Reg. 10(B)(1)(b), (e), and (i). The only evident mitigating factor is the absence of a prior disciplinary record. *See* BCGD Proc.Reg. 10(B)(2)(a).

**{¶ 16}** Recognizing that the misappropriation of client funds carries a "presumptive sanction of disbarment," *Cleveland Bar Assn. v. Dixon*, 95 Ohio St.3d 490, 2002-Ohio-2490, 769 N.E.2d 816, ¶ 15, and citing several cases in which we have imposed that ultimate sanction for comparable misappropriation offenses, the board recommends that we permanently disbar Terbeek. *See Greene Cty. Bar Assn. v. Saunders*, 132 Ohio St.3d 29, 2012-Ohio-1651, 968 N.E.2d 470 (permanently disbarring an attorney who converted more than $40,000 that his client had entrusted to him to pay taxes due on her mother's estate, neglected other client matters, and failed to cooperate in the resulting disciplinary investigation); *Cleveland Metro. Bar Assn. v. Freeman*, 128 Ohio St.3d 421, 2011-Ohio-1483, 945 N.E.2d 1034 (permanently disbarring an attorney who misappropriated client funds, engaged in multiple instances of neglect, and failed to cooperate in the ensuing disciplinary investigation); *Disciplinary Counsel v. Zumstein*, 93 Ohio St.3d 544, 757 N.E.2d 327 (2001) (permanently disbarring an attorney who misappropriated funds from the escrow account of a title agency, causing checks issued to the agency's clients to be dishonored).

**{¶ 17}** Terbeek did not object to the board's recommendation. After the deadline for filing objections had passed, however, he tendered his application for retirement or resignation to the Office of Attorney Services. *In re Retirement or Resignation of Terbeek*, case No. 2013-0069. We have stated:

Gov.Bar R. VI(6)(C) permits lawyers who are the subject of disciplinary proceedings to resign from the practice of law with the designation "resigned with disciplinary action pending." This rule does not exist to allow lawyers to exhaust the participants and procedures of the disciplinary system in hope of ultimately evading the recommended sanction. Lawyers resorting to resignation during disciplinary proceedings should therefore resign at the beginning of the proceedings. This immediately removes the lawyer from the practice of law, thereby protecting the public and sparing the disciplinary process the time and expense of the proceedings. Rarely will this court accept a resignation tendered at the end of the proceedings, when the benefit to the public and the disciplinary process no longer remains.

*Disciplinary Counsel v. Lentes*, 120 Ohio St.3d 431, 2008-Ohio-6355, 900 N.E.2d 167, ¶ 6, citing *Akron Bar Assn. v. Holder*, 112 Ohio St.3d 90, 2006-Ohio-6506, 858 N.E.2d 356.

**{¶ 18}** Terbeek waited until his disciplinary proceedings were almost complete before tendering his application for resignation. At this late stage of the proceedings, the public will not benefit from his resignation. Therefore, we find that he has forfeited his opportunity to resign. *See Lentes* at ¶ 5. And in the absence of mitigating evidence that would warrant a deviation from the presumptive sanction of permanent disbarment, we agree that this ultimate sanction is appropriate here.

**{¶ 19}** Accordingly, Jeffrey Lee Terbeek is permanently disbarred from the practice of law in Ohio. Costs are taxed to Terbeek.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Heather Hissom Coglianese, Assistant Disciplinary Counsel, for relator.

_____